NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent,*

*v.*

RAFEEQ QADEER SALAHUDDIN
formerly known as RANDY JEROME HARRIS, *Petitioner.*

No. 1 CA-CR 14-0003 PRPC
FILED 9-29-2016

---

Petition for Review from the Superior Court in Maricopa County
No. CR 0000-144541
The Honorable Sherry K. Stephens, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Rafeeq Q. Salahuddin, Florence
*Petitioner*

---

## MEMORANDUM DECISION

Presiding Judge Kenton D. Jones, Judge Randall M. Howe and Judge Donn Kessler delivered the decision of the court.

---

**PER CURIAM**:

**¶1**        Petitioner Rafeeq Salahuddin petitions this court for review of the summary dismissal of his second petition for post-conviction relief. A jury convicted Salahuddin of first degree murder, first degree burglary, and two counts each of kidnapping and armed robbery in 1985.  Our supreme court affirmed his convictions and sentences in 1988.

**¶2**        Salahuddin argues his trial counsel and appellate counsel were both ineffective for a number of reasons.  These claims are precluded because Salahuddin could have raised them in a timely post-conviction relief proceeding years ago. *See* Ariz. R. Crim. P. 32.2(a).  None of the cases he cites represent significant changes in the law, and none of the evidence he identifies is newly discovered. *See* Ariz. R. Crim. P. 32.1(e), (g), 32.2(b).

**¶3**        Salahuddin argues the United States Supreme Court decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), constitutes a significant change in the law that allows him to raise untimely claims of ineffective assistance of counsel. *Martinez* simply held a defendant can seek habeas corpus relief in federal court based on ineffective assistance of trial counsel if the defendant either had no counsel or ineffective counsel in his first post-conviction relief proceeding. *Martinez*, 132 S. Ct. at 1320. *Martinez* does not require a state court to consider all claims of ineffective assistance of counsel raised in untimely post-conviction proceedings.

**¶4**        For these reasons, we grant review and deny relief.

